J. E. HAMPLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9188.   Promulgated June 4, 1928.

*R. L. Thomas, Esq.*, for the petitioner.
*John E. Marshall, Esq.*, for the respondent.

346

OPINION.

LOVE: By agreement of the parties hereto, this proceeding was submitted for consideration of the questions raised by petitioner's motion for judgment that, on the allegations of the petition, the admissions of the answer, and the joint exhibits filed at the hearing, (1) the assessment and/or collection of the deficiency of $13,509.75 for the year 1917, determined on September 26, 1925, is barred by the statute of limitations, and (2) the collection of the additional tax of $2,653.19 for 1917, assessed in November, 1919, is also barred by the statute of limitations.

With respect to the first question, the petitioner contends that the consent signed by John M. Hample and approved by the Commissioner on February 14, 1925, was of no force and effect inasmuch as it was not signed by him and that the last valid consent expired by its own limitation on March 15, 1925, after which date the Commissioner was without power or authority to assess and/or collect a deficiency for 1917. The Commissioner, on the other hand, takes

the position that, relying in good faith upon the genuineness of the consent signed by John M. Hample which he approved on February 14, 1925, he withheld making the assessment of the tax referred to in the letter of January 26, 1925.

The record discloses, and there is no question raised in regard thereto, that the last consent signed by the petitioner expired on March 15, 1925. The decision of the question under consideration depends, therefore, solely upon the validity of the consent signed by John M. Hample and approved by the Commissioner on February 14, 1925. If this consent, so executed and approved, is valid and binding on petitioner, then the assessment and collection of the deficiency herein is not barred by limitation; otherwise, it is barred.

It is clearly shown that John M. Hample was one of the persons named in a power of attorney on file with the Commissioner; that in response to a letter from the Commissioner he inquired if he could, on behalf of his father, execute a consent; that he was advised by the Commissioner that he could not do so unless specifically empowered so to do; and that, notwithstanding his inquiry and the Commissioner's response, he signed a consent which was on February 14, 1925, approved by the Commissioner and which was to extend the period of limitations until December 31, 1925. Obviously, if John M. Hample, irrespective of the Commissioner's statement relative thereto, had the power and authority to sign the consent on behalf of the petitioner, that consent is valid and binding on petitioner. We pass, therefore, to the question as to the power and authority conferred on him by the power of attorney executed by petitioner on October 15, 1924.

The first question in this respect is whether John M. Hample was authorized to act alone in the matter of petitioner's tax liability for 1917.

Prior to the execution of the consent in question, he inquired of the Commissioner if he could " as attorney in fact give endorsement to this waiver " upon his own responsibility, and, subsequent to signing the consent, he, as attorney in fact, protested the petitioner's tax liability for 1917. It is clear, therefore, that he intended to act and did act as attorney in fact when he signed the consent in question. Nowhere in the record is it indicated that Fennimore ever joined in any action taken in regard to petitioner's tax liability which was in dispute. Under these circumstances, we are of the opinion that John M. Hample had the authority under the power of attorney to act alone as petitioner's attorney in fact since " one of several persons who are appointed attorneys in fact by a power of attorney may act for the principal when the power contains no provision requiring more than one to join in its execution." 21 R. C. L. 880.

Having the authority to act alone, could he, prior to the expiration of the last consent executed by the petitioner, execute, under the power granted to him, a valid consent on behalf of petitioner? We think that he could.

It will be noted that petitioner specifically empowered his attorneys to act for him in his name, place and stead, and for his use and benefit, to " receive and acknowledge all notices, make all stipulations, take all proceedings and assent to all arrangements in respect to said matter, * * * as fully to all intents and purposes as the said J. E. Hample might or could do in said matters directly * * *." This was a general and not a limited power of attorney in respect of any matter concerning petitioner's tax liability and we are clearly of the opinion, therefore, that, irrespective of the statement of the Commissioner to the contrary, John M. Hample had the power and authority to execute, as attorney in fact, the consent in question. The consent which he executed having extended the statute until December 31, 1925, the assessment and/or collection of the deficiency for 1917, determined on September 26, 1925, are not barred by limitations. See *American Feature Film Co. and Metro Pictures Corporation of New England*, 11 B. T. A. 1271.

The petitioner's second contention is that the collection of the additional tax of $2,653.19 for 1917, assessed in November, 1919, is barred by limitation. We are unable to agree with this contention.

Petitioner had by consents, with respect to the validity of which there is no question raised, extended the statutory period within which the Commissioner might collect the tax until March 15, 1925. Under section 278 (d) of the Revenue Act of 1924, the Commissioner was given six years from the date of a timely assessment within which to collect the tax. Obviously, the assessment of the additional tax having been made in November, 1919, the right to collect would not be extinguished until November, 1925. *G. L. Ramsey*, 11 B. T. A. 345.

It having been alleged and admitted that the deficiency notice of September 26, 1925, constituted a rejection of petitioner's claim in abatement of the additional tax for 1917, and the petitioner having appealed therefrom, it is clear that the collection thereof is not barred by limitation.

The motion for judgment that both the assessment and/or collection of the deficiency for 1917 and the collection of the additional tax for 1917, assessed in November, 1919, are barred by the statute of limitations, is denied. The proceeding will be restored to the calendar for hearing in due course upon the merits.

Reviewed by the Board.

SIEFKIN dissents.